**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ZIA H. SHAIKH, | |
| Plaintiff, | |
| v. | Civil Action No. 25-16265 (RK) (JBD) |
| | **MEMORANDUM OPINION** |
| UNITED STATES DEPARTMENT OF STATE et al., | |
| Defendants. | |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Zia Shaikh's ("Plaintiff") Application to Proceed Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915 (ECF No. 1-1), the Court's Order to Show Cause why that Application should not be denied (ECF No. 4), and Plaintiff's response thereto (ECF No. 5). For the reasons set forth below, the Court finds that Plaintiff has abused the privilege of proceeding *in forma pauperis* and DENIES his Application to Proceed Without Prepaying Fees or Costs in the instant action.

As this Court has observed many times before, including in an exhaustive 66-page opinion, *Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127 (D.N.J. July 13, 2023), *aff'd*, 23-2301, 2024 WL 2861845 (3d Cir. June 6, 2024) (per curiam), and as detailed in a District-wide preclusion order entered earlier this month, issued by the Honorable Chief Judge Renée Bumb, U.S.D.J., *see In re Shaikh*, No. 26-27 (D.N.J. Mar. 18, 2026), ECF No. 1, Plaintiff has a lengthy history of frivolous, unmeritorious, and vexatious litigation in this District, and elsewhere, *see infra* notes 1, 13.

Since 2011, Plaintiff has brought more than 30 cases in this District.[1] He filed six cases in the last year alone,[2] with four cases currently pending, including three before the undersigned.[3] Plaintiff has repeatedly attempted to relitigate the same grievances in different cases—in particular, his frustrations with the outcome of years-old state court proceedings, including his 2013–16 divorce proceedings,[4] not to mention complaints about his alleged inability to obtain a

---

[1] *See generally Shaikh v. Citibank S.D. N.A. LLC*, No. 11-1967; *Shaikh v. Discover Fin. Servs. LLC*, No. 11-1968; *Edelglass v. State of New Jersey*, No. 14-760; *Allen v. Chell*, No. 15-3519; *Shaikh v. Jackson Township*, No. 15-4106; *Shaikh v. Germadnig-Shaikh*, No. 16-340; *Shaikh v. Ford*, No. 16-1189; *Shaikh v. Fromosky*, No. 16-3826; *Shaikh v. Zabarsky*, No. 16-4140; *Shaikh v. Germadnig*, No. 17-12649; *Fam. C.L. Union v. N.J. Dep't of Child. & Fams., Div. of Child Prot. & Permanency*, No. 18-2597; *Shaikh v. Germandig*, No. 18-9035; *Shaikh v. IRS*, No. 18-17695; *Shaikh v. N.J. Dep't of Banking & Ins., Div. of Ins.*, No. 19-14092; *Shaikh v. Akrush*, No. 19-20597; *Shaikh v. Einbinder*, No. 20-2540; *Shaikh v. Citta Holzapfel & Zabarsky P.C.*, No. 20-11057; *Shaikh v. Schlendorf*, No. 20-20003; *Shaikh v. Landi*, No. 20-20005; *Shaikh v. Brown*, No. 20-20007; *Shaikh v. McMahon*, No. 20-20008; *Shaikh v. Germadnig*, No. 22-2053; *Shaikh v. Pruco Sec., LLC*, No. 24-7444; *Shaikh v. Morse*, No. 24-7916; *Shaikh v. Schron*, No. 24-8249; *Shaikh v. Ocean Cty. Child Support Enf't Agency*, No. 24-9528; *Shaikh v. Kirsch*, No. 25-1638; *Shaikh v. Kirsch*, No. 25-1952; *Shaikh v. U.S. Dep't of State*, No. 25-16265; *Shaikh v. Schron*, No. 25-18698; *Shaikh v. Germadnig*, No. 26-897; *Shaikh v. Thorn, Esq.*, No. 26-985.

[2] *See generally Shaikh v. Kirsch*, No. 25-1638; *Shaikh v. Kirsch*, No. 25-1952; *Shaikh v. U.S. Dep't of State*, No. 25-16265; *Shaikh v. Schron*, No. 25-18698; *Shaikh v. Germadnig*, No. 26-897; *Shaikh v. Thorn, Esq.*, No. 26-985.

[3] Four *pro se* cases brought by Plaintiff are open and pending in this District (while still more are closed, which has proven no impediment as Plaintiff continues notwithstanding to file motion after motion, *see infra* note 12). *See generally Shaikh v. Pruco Sec., LLC*, No. 24-7444; *Shaikh v. U.S. Dep't of State*, No. 25-16265; *Shaikh v. Schron*, No. 25-18698; *Shaikh v. Thorn, Esq.*, No. 26-985. In the three cases presently pending before this Court, Plaintiff has filed Applications to Proceed Without Prepaying Fees or Costs, which the Court denies via appropriate orders on each respective docket for the reasons explained herein. *See generally Shaikh v. U.S. Dep't of State*, No. 25-16265; *Shaikh v. Schron*, No. 25-18698; *Shaikh v. Thorn, Esq.*, No. 26-985. An additional case, *Shaikh v. Germadnig*, No. 26-897, is administratively closed, with Plaintiff having recently filed a Third Corrected Application to Proceed Without Prepaying Fees or Costs.

[4] By the Court's count, Plaintiff has filed or joined 24 federal actions in this District for alleged harms arising from the fallout of his divorce and related proceedings. *See generally Edelglass v. New Jersey*, No. 14-760; *Allen v. Chell*, No. 15-3519; *Shaikh v. Jackson Township*, No. 15-4106; *Shaikh v. Germadnig-Shaikh*, No. 16-340; *Hagberg v. Ford*, No. 16-1189; *Shaikh v. Fromosky*, No. 16-3826; *Shaikh v. Zabarsky*, No. 16-4140; *Shaikh v. Germadnig*, No. 17-12649; *Fam. C.L. Union v. N.J. Dep't of Child. & Fams., Div. of Child Prot. & Permanency*, No. 18-2597; *Shaikh v. Germadnig*, No. 18-9035; *Shaikh v. IRS*, No. 18-17695; *Shaikh v. Akrush*, No. 19-20597; *Shaikh v. Einbinder*, No. 20-2540; *Shaikh v. Citta Holzapfel & Zabarsky P.C.*, No. 20-11057; *Shaikh v. Schlendorf*, No. 20-20003; *Shaikh v. Landi*, No. 20-20005; *Shaikh v. Brown*, No. 20-20007; *Shaikh v. McMahon*, No. 20-20008; *Shaikh v. Germadnig*, No. 22-2053; *Shaikh v. Schron*, No. 24-8249; *Shaikh v. Kirsch*, No. 25-1638; *Shaikh v. Kirsch*, No. 25-1952; *Shaikh v. Schron*, No. 25-18698; *Shaikh v. Germadnig*, No. 26-897. Many of these cases involve overlapping, if not identical, parties and allegations. *See generally, e.g., Shaikh v. Jackson Township*, No. 15-4106; *Shaikh v. Germadnig-Shaikh*, No. 16-340; *Shaikh v. Akrush*, No. 19-20597; *Shaikh v. Germadnig*, No. 22-2053; *Shaikh v. Schron*, No. 24-8249; *Shaikh v. Schron*, No. 25-18698; *Shaikh v. Germadnig*, No. 26-897; *see also Shaikh v. Schron*, No. 25-10168, 2025 WL 3653665, at *2 (S.D.N.Y. Dec. 12, 2025) ("The Court notes that Plaintiff has previously filed lawsuits in New Jersey naming some of the same Defendants and arising from the same or related events allegedly stemming from Plaintiff's New Jersey divorce proceedings.").

passport due to child support arrears[5] and his former lawyers' alleged mishandling of a 2016–18 state agency action revoking his insurance and real estate licenses.[6] Plaintiff has been granted *in forma pauperis* ("IFP") status in numerous cases,[7] most of which were subsequently dismissed under 28 U.S.C. § 1915(e) as frivolous, meritless, or otherwise barred by law.[8] Plaintiff has also had countless IFP applications denied as deficient, despite frequent admonitions as to the requirements to proceed IFP.[9] In total, Plaintiff has sought to proceed IFP in 22 cases in this District, including in almost every case he has filed since 2018.[10] In several cases, Plaintiff has

---

[5] *See, e.g.*, *Shaikh v. Ocean Cnty. Child Support Enf't Agency*, No. 24-9528, 2024 WL 4626405, at *1 (D.N.J. Oct. 30, 2024); *Shaikh v. U.S. Dep't of State*, No. 25-16265 (D.N.J. Oct. 5, 2025), ECF No. 1 (complaint filed in the instant case); *Shaikh v. Schron*, No. 25-18698 (D.N.J. Feb. 27, 2026), ECF No. 12; *see also Shaikh v. Comm'r of Internal Revenue*, No. 25-1215, 2025 WL 1201871, at *1–2 (3d Cir. Apr. 25, 2025); *Shaikh v. Jackson Township*, No. 15-4106, 2020 WL 5040598, at *2 n.3 (D.N.J. Aug. 26, 2020).

[6] *See, e.g.*, *Shaikh v. Dep't of Banking & Ins.*, *Div. of Ins.*, No. 19-14092, 2024 WL 1929966, at *1 (D.N.J. Apr. 30, 2024); *Shaikh v. Thorn, Esq.*, No. 26-985 (D.N.J. Feb. 2, 2026), ECF No. 1; *see also Shaikh v. Dep't of Banking & Ins.*, *Div. of Ins.*, No. 19-14092, 2024 WL 5118429, at *1 (D.N.J. Dec. 16, 2024) (denying motion to amend and request for sanctions against attorney defendants), *reconsideration denied*, 2025 WL 1248934 (D.N.J. Apr. 30, 2025).

[7] *See, e.g.*, *Shaikh v. IRS*, No. 18-17695; *Shaikh v. Akrush*, No. 19-20597; *Shaikh v. Einbinder*, No. 20-2540; *Shaikh v. Pruco Sec., LLC*, No. 24-7444; *Shaikh v. Morse*, No. 24-7916; *Shaikh v. Ocean Cnty. Child Support Enf't Agency*, No. 24-9528.

[8] *See, e.g.*, *Shaikh v. Akrush*, No. 19-20597 (D.N.J. Jan. 10, 2024), ECF No. 22; *Shaikh v. Einbinder*, No. 20-2540 (D.N.J. filed Mar. 9, 2020), ECF Nos. 7, 14, 22; *Shaikh v. Pruco Sec., LLC*, No. 24-7444 (D.N.J. Aug. 6, 2025), ECF No. 8; *Shaikh v. Ocean Cnty. Child Support Enf't Agency*, No. 24-9528 (D.N.J. Oct. 30, 2024), ECF No. 4; *see also Shaikh v. Einbinder*, No. 21-3115, 2022 WL 1314690, at *1 (3d Cir. May 3, 2022) (per curiam) (affirming dismissal with prejudice of second amended complaint).

[9] *See, e.g.*, *Shaikh v. Discover Fin. Servs. LLC*, No. 11-1968 (D.N.J. filed Apr. 7, 2011), ECF No. 4; *Shaikh v. Citta Holzapfel & Zabarsky P.C.*, No. 20-11057 (D.N.J. filed Aug. 21, 2020), ECF Nos. 3, 13; *Shaikh v. Schlendorf*, No. 20-20003 (D.N.J. filed Dec. 21, 2020), ECF No. 17; *Shaikh v. Landi*, No. 20-20005 (D.N.J. filed Dec. 21, 2020), ECF Nos. 3, 14; *Shaikh v. Brown*, No. 20-20007 (D.N.J. filed Dec. 21, 2020), ECF Nos. 3, 15; *Shaikh v. McMahon*, No. 20-20008 (D.N.J. filed Dec. 21, 2020), ECF Nos. 3, 16; *Shaikh v. Kirsch*, No. 25-1638 (D.N.J. May 12, 2025), ECF No. 8 (simultaneously denying IFP status and dismissing complaint under § 1915(e)); *Shaikh v. Germadnig*, No. 26-897 (D.N.J. filed Jan. 19, 2026), ECF Nos. 6, 8; *see also Shaikh v. Kirsch*, No. 25-1952 (D.N.J. May 12, 2025), ECF No. 6.

[10] *See Shaikh v. Discover Fin. Servs. LLC*, No. 11-1968 (IFP denied); *Shaikh v. Germadnig*, No. 17-12649 (IFP denied); *Shaikh v. IRS*, No. 18-17695 (IFP granted); *Shaikh v. Dep't of Banking & Ins.*, *Div. of Ins.*, No. 19-14092 (IFP denied); *Shaikh v. Akrush*, No. 19-20597 (IFP granted); *Shaikh v. Einbinder*, No. 20-2540 (IFP granted); *Shaikh v. Citta Holzapfel & Zabarsky P.C.*, No. 20-11057 (IFP denied); *Shaikh v. Schlendorf*, No. 20-20003 (IFP denied); *Shaikh v. Landi*, No. 20-20005 (IFP denied); *Shaikh v. Brown*, No. 20-20007 (IFP denied); *Shaikh v. McMahon*, No. 20-20008 (IFP denied); *Shaikh v. Germadnig*, No. 22-2053 (filing fee paid); *Shaikh v. Pruco Sec., LLC*, No. 24-7444 (IFP granted); *Shaikh v. Morse*, No. 24-7916 (IFP granted); *Shaikh v. Schron*, No. 24-8249 (IFP denied); *Shaikh v. Ocean Cnty. Child Support Enf't Agency*, No. 24-9528 (IFP granted); *Shaikh v. Kirsch*, No. 25-1638 (IFP denied); *Shaikh v. Kirsch*, No. 25-1952 (no IFP application or filing fee); *Shaikh v. Germadnig*, No. 26-897 (IFP denied); *see also Shaikh v. U.S. Dep't of State*, No. 25-16265, ECF No. 1-1 (IFP application in the instant case); *Shaikh v. Schron*,

demonstrated an ability to pay the $400+ civil filing fee.[11] Moreover, Plaintiff has inundated the aforementioned dockets with excessive filings and motions.[12] Judges throughout this District have evidently devoted immeasurable resources—and considerable grace and consideration—over the course of many years and across seemingly infinite dockets, reviewing Plaintiff's countless complaints and motions, explaining their repeated deficiencies, and warning Plaintiff about his ongoing vexatiousness.[13]

No. 25-18698, ECF No. 4 (IFP application also pending before the undersigned); *Shaikh v. Thorn, Esq.*, No. 26-985, ECF No. 1-2 (IFP application also pending before the undersigned).

[11] *See Shaikh v. Jackson Township*, No. 15-4106; *Shaikh v. Germadnig-Shaikh*, No. 16-340; *Shaikh v. Germadnig*, No. 22-2053; *see also Shaikh v. N.J. Dep't of Banking & Ins., Div. of Ins.*, No. 19-14092 (filing fee paid after IFP application was twice denied).

[12] For example, since the Court dismissed Plaintiff's complaint in *Shaikh v. Germadnig*, No. 22-2053—via a 66-page opinion granting defendants' 23 motions to dismiss Plaintiff's 115-page complaint—and closed that case, Plaintiff has filed dozens of motions on that docket. *See, e.g.*, *Shaikh v. Germadnig*, No. 22-2053, 2025 WL 1311337, at *1 (D.N.J. May 6, 2025). Across cases, Plaintiff regularly (and repeatedly) moves for reconsideration of dismissal opinions, including for years after the case's dismissal. *See, e.g.*, *id.*; *Shaikh v. Dep't of Banking & Ins.*, No. 25-2445, 2026 WL 172963, at *1 (3d Cir. Jan. 22, 2026) (per curiam) (affirming denial of Rule 60(b) and (d) motion); *Shaikh v. Akrush*, No. 19-20597, 2025 WL 43354, at *4 (D.N.J. Jan. 7, 2025), *reconsideration denied*, 2025 WL 82298 (D.N.J. Jan. 13, 2025); *Shaikh v. Jackson Township*, No. 15-4106, 2020 WL 5040598, at *3–4 (D.N.J. Aug. 26, 2020); *Shaikh v. Germadnig*, No. 22-2053 (D.N.J. Jan. 15, 2026), ECF No. 368.

Plaintiff also "consistently files motions to recuse the judges assigned to his cases," *Shaikh v. Dep't of Banking & Ins., Div. of Ins.*, No. 19-14092, 2025 WL 1248934, at *5 n.8 (D.N.J. Apr. 30, 2025) (collecting cases), and consistently moves for emergency and preliminary injunctive relief, *see, e.g.*, *Shaikh v. Einbinder*, No. 20-2540, 2020 WL 6899677, at *2 (D.N.J. Nov. 25, 2020) (dismissing complaint and denying emergency motion for preliminary injunction); *Shaikh v. Einbinder,* No. 21-3115, 2022 WL 1314690, at *1 (3d Cir. May 3, 2022) (per curiam) (affirming dismissal of second amended complaint and denial of second motion for preliminary injunction); *Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127, at *29 (D.N.J. July 13, 2023), including prior to the Court's review of his IFP application or preliminary screening of his complaint, *see, e.g.*, *Shaikh v. Schron*, No. 25-18698 (D.N.J. filed Dec. 6, 2025), ECF Nos. 8, 11, 12; *Shaikh v. Einbinder*, No. 20-2540 (D.N.J. Nov. 23, 2020), ECF No. 6; *Shaikh v. Kirsch*, No. 25-1638 (D.N.J. Jan. 13, 2025), ECF No. 3; *Shaikh v. Kirsch*, No. 25-1952 (D.N.J. Mar. 14, 2025), ECF No. 2; *Shaikh v. Germadnig*, No. 26-897 (D.N.J. Feb. 2, 2026), ECF No. 4. Plaintiff sometimes moves for all of the above. *See, e.g.*, *Shaikh v. Dep't of Banking & Ins., Div. of Ins.*, No. 19-14092, 2025 WL 1248934 (D.N.J. Apr. 30, 2025) (denying four post-judgment motions: "emergency" motion for recusal, "emergency" motion to "preserve the status quo," motion for reconsideration, and motion and sanctions).

[13] This District is not the only forum that Plaintiff has subjected to prolific and vexatious litigation. *See, e.g.*, *Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127, at *1 (D.N.J. July 13, 2023) (noting that, as of July 2023, Plaintiff had "filed or joined at least . . . eight (8) state actions seeking to challenge events and underlying court orders flowing from his divorce" and further noting that, "[w]hile Plaintiff has varied the forum, the type and quantity of defendants named, and the legal theories he attempted to shoehorn his grievances into, the common theme uniting each lawsuit is Plaintiff's anger with the outcome of his state court proceedings in what can only be viewed as a continual abuse of the state and federal judicial process"); *see also Shaikh v. Allen City Council*, No. 21-953 (E.D. Tex.); *Shaikh v. Germadnig*, No. 25-10148 (S.D.N.Y.); *Shaikh v. Schron*, No. 25-10168 (S.D.N.Y.); *Shaikh v. Kirsch*, No. 25-249 (D.D.C.).

Citing Plaintiff's extensive history of frivolous and abusive filings, as referenced hereinabove, Chief Judge Bumb this month entered an order, *see supra*, barring Plaintiff from "fil[ing] any new motions or actions with this Court that pursue frivolous claims or claims related to or duplicative of those previously pleaded and/or adjudicated in other civil actions."[14] Prior to the District-wide filing injunction, Plaintiff had been enjoined from future filings in at least three cases in this District.[15] He has also been repeatedly warned, multiple times and in multiple cases, about his vexatious conduct and the possibility of a future filing injunction.[16]

---

[14] The preclusion order elaborated that Plaintiff "has filed, at least since 2020, a slew of civil cases and excessive motions in this District, which were meritless and frivolous and, in some instances, subject to filing injunctions; . . . has engaged, and continues to engage, in a pattern of filing cases that either fail to allege a viable claim showing that he is entitled to relief and/or are purely frivolous and/or are redundant of previously dismissed actions; . . . [and] has abused and, continues to abuse, the litigation process" and further explained that this Court "has previously informed Shaikh that his *pro se* status neither entitles him to ignore the requirements of Federal Rule of Civil Procedure 11, nor shields him from sanctions imposed under that Rule; and . . . will not tolerate or condone conduct of this nature, particularly because it compromises judicial economy, efficiency, and fairness." *In re Shaikh*, No. 26-27 (D.N.J. Mar. 18, 2026), ECF No. 1 at 1 (citations omitted) (collecting cases).

Eight years prior, an analogous preclusion order was entered against Plaintiff in state court following his vexatious litigation conduct and repetitive filings. *Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127, at *4 (D.N.J. July 13, 2023) (citing *Shaikh v. Germadnig*, No. FM-15-500-14 (N.J. Super. Ct. Oct. 19, 2017)). Since the entry of the state court order, the New Jersey Superior Court has dismissed multiple lawsuits by Plaintiff for failing to abide by the order's terms. *See id.* at *4 & n.9.

[15] *See Shaikh v. Kirsch*, No. 25-1638 (D.N.J. July 1, 2025), ECF No. 13; *Shaikh v. Kirsch*, No. 25-1952 (D.N.J. July 1, 2025), ECF No. 8; *Shaikh v. Dep't of Banking & Ins.*, No. 25-2445, 2026 WL 172963, at *3 (3d Cir. Jan. 22, 2026) (per curiam) (affirming filing injunction against Plaintiff and "agree[ing] with the District Court's repeated observations that Shaikh had abused the judicial process by submitting repetitive and frivolous filings").

[16] *See, e.g.*, *Shaikh v. Dep't of Banking & Ins.*, *Div. of Ins.*, No. 19-14092, 2025 WL 1248934, at *8 (D.N.J. Apr. 30, 2025) ("The Court is certainly troubled by Plaintiff's repeated efforts to file frivolous motions in this case as well as unauthorized briefs. . . . Plaintiff is on notice that courts have the authority to impose filing injunctions and will do so when a party continues to abuse the judicial process."); *Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127, at *33 (D.N.J. July 13, 2023) ("Plaintiff is put on notice that the Court will not tolerate filing repetitive papers attempting to re-litigate the results of his state court proceedings. The Court urges Plaintiff to carefully consider before making any future filings in this District, as the Court will not hesitate to impose sanctions, monetary or otherwise, if Plaintiff continues abusing the legal process."), *aff'd*, 23-2301, 2024 WL 2861845 (3d Cir. June 6, 2024) (per curiam); *Shaikh v. Schron*, No. 24-8249, 2025 WL 3042541, at *3 n.8 (D.N.J. Oct. 31, 2025) ("Plaintiff is further cautioned that the submission of frivolous motions in this matter may prompt this Court to issue an injunction or sanctions in the future."); *see also Shaikh v. Comm'r of Internal Revenue*, No. 25-1215, 2025 WL 1201871, at *2 (3d Cir. Apr. 25, 2025) (affirming Tax Court's imposition of $2,500 penalty on Shaikh and reasoning that "Shaikh should have known that his actions could result in sanctions" because "[t]he Tax Court gave Shaikh notice that continuing to file frivolous filings would result in the imposition of a penalty, and in response, Shaikh filed yet another submission repeating the same arguments he had already raised").

This Court has similarly "put[] Plaintiff on notice that the Court may deny an *in forma pauperis* application where a plaintiff has 'abused the privilege.' Moving forward, the Court will not permit Plaintiff to cost-free file these frivolous suits that are 'a continual abuse of the state and federal judicial process' absent good cause shown."[17] *Shaikh v. Ocean Cnty. Child Support Enf't Agency*, No. 24-9528, 2024 WL 4626405, at *2 n.4 (D.N.J. Oct. 30, 2024) (citations omitted) (collecting cases). In the instant action, the Court directed Plaintiff to show cause why his pending IFP request should not be denied "in light of [his] extensive history of frivolous filings and abuse of the privilege of proceeding *in forma pauperis*."[18] (ECF No. 4.) Plaintiff filed a response, which the Court has carefully considered and finds unpersuasive for the reasons explained below. *See Aruanno v. Davis* (*Aruanno II*), 679 F. App'x 213, 216 (3d Cir. 2017) (per curiam).

The Third Circuit has affirmed the denial of IFP status to abusive non-incarcerated litigants pursuant to the Court's "discretionary authority . . . derive[d] from § 1915(a) itself, . . . and federal courts' 'inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'"[19] *Aruanno v. Davis* (*Aruanno I*),

---

[17] Recently, the Southern District of New York similarly cautioned: "Plaintiff is warned that further frivolous litigation in this Court may result in an order barring Plaintiff from filing new actions in this court *in forma pauperis* unless he receives prior permission." *Shaikh v. Schron*, No. 25-10168, 2025 WL 3653665, at *3 (S.D.N.Y. Dec. 12, 2025); *see id.* at *2 ("Plaintiff is warned . . . that this Court will not tolerate the abuse of its limited resources. . . . Further frivolous litigation, including complaints that are duplicative or not properly filed here, may result in an order barring Plaintiff from filing new actions *in forma pauperis* in this court unless he receives prior permission." (citing 28 U.S.C. § 1651; *Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009); *Wolf v. FBI*, No. 16-9436, 2018 WL 582472, at *3 (S.D.N.Y. Jan. 26, 2018))).

[18] The Court entered the same Order to Show Cause in each of the three cases before it and directed Plaintiff to file a consolidated response on each docket. *Shaikh v. U.S. Dep't of State*, No. 25-16265 (D.N.J. Mar. 23, 2026), ECF No. 4; *Shaikh v. Schron*, No. 25-18698 (D.N.J. Mar. 23, 2026), ECF No. 13; *Shaikh v. Thorn, Esq.*, No. 26-985 (D.N.J. Mar. 23, 2026), ECF No. 4.

[19] The Third Circuit has suggested that the "three-strikes" rule under 28 U.S.C. § 1915(g) may not apply to non-incarcerated plaintiffs. *See Aruanno II*, 679 F. App'x at 214 (explaining and affirming district court's decision to not apply § 1915(g)'s three-strikes rule to non-incarcerated plaintiffs). Some courts in other jurisdictions have concluded otherwise. *See, e.g.*, *Groulx v. People's Republic of China*, 647 F. Supp. 3d 563, 565 (E.D. Mich. 2022) ("The PLRA—including the three-strikes rule [under § 1915(g)]—equally applies to nonprisoners."); *Hunt v. Midland/Odessa Urb. Transit Dist.*, No. 18-151, 2018 WL 10036076, at *1–2 (W.D. Tex. Sept. 27, 2018); *cf. Scott v. Unknown Party*, No. 24-2428, 2024 WL 4303258, at *4 (D. Ariz. Sept. 26, 2024) ("[A]s a matter of either statute [under § 1915(g)] or the

168 F. Supp. 3d 711, 715 (D.N.J. 2016) (quoting *In re McDonald*, 489 U.S. 180, 184 n.8 (1989) (per curiam)), *aff'd*, 679 F. App'x 213 (3d Cir. 2017) (per curiam); *Aruanno v. IRS*, No. 23-786, 2023 WL 5127330, at *4 (D.N.J. Aug. 10, 2023) (same), *aff'd*, No. 23-2630, 2024 WL 686153 (3d Cir. Feb. 20, 2024) (per curiam); *see also Aruanno I*, 168 F. Supp. 3d at 715 ("[T]he adoption of a judicial limitation . . . mirroring the PLRA's 'three strikes' provision and including its 'imminent danger' exception, appears to be necessary to create a uniform policy denying the privilege of proceeding *in forma pauperis* to abusive litigants and to allocate this Court's resources in a way that promotes the interest of justice.").[20] The Supreme Court has similarly explained:

> [P]aupers filing *pro se* petitions are not subject to the financial considerations— filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests . . . does not promote that end.

*In re McDonald*, 489 U.S. at 184.

The Court finds that Plaintiff's ongoing meritless, frivolous, and abusive filings constitute "exigent circumstances" warranting the denial of the privilege of proceeding IFP in the instant action. *Aruanno II*, 679 F. App'x at 215; *see Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)

---

Court's inherent power to prevent vexatious litigation, the Plaintiff is prohibited from filing any in forma pauperis lawsuit that does not assert that he is in imminent danger of serious physical injury."). The Court notes that, to the extent the rule does apply to non-prisoner plaintiffs, Plaintiff would be barred from proceeding IFP as someone who has had three or more complaints dismissed as frivolous or malicious or for failing to state a claim and has failed to show imminent danger. *See supra* note 8.

[20] *See Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (per curiam) (affirming discretionary denial of non-prisoner's IFP application based on plaintiff's abusive filings); *In re McDonald*, 489 U.S. at 180–84 (denying IFP status to non-prisoner based on history of excessive and frivolous filings); *Day v. Day*, 510 U.S. 1, 2 (1993) (per curiam) (same); *Johnson v. Rawson Food Servs., Inc.*, No. 22-345, 2022 WL 3339507, at *3–4 (D.N.J. Aug. 12, 2022) (concluding that vexatious, prolific litigant was "no longer entitled to his IFP privilege"); *Doval v. Davis*, No. 20-5, 2021 WL 3560804, at *1 (D.V.I. Aug. 11, 2021) (concluding that plaintiff's abusive, frivolous litigation history constituted "extreme circumstances" warranting denial of IFP status); *cf. Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995) (affirming district court's revocation of IFP status for abusive filings, which district court had deemed "extreme circumstances" warranting the revocation); *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 418 (D.C. Cir. 2009) ("[C]ourts have authority to deny IFP status to prisoners who abuse the privilege but who are not technically barred by the PLRA.").

(explaining that "a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions" constitute "exigent circumstances" for purposes of imposing a filing injunction). The Court reiterates that Plaintiff has been on notice for years, including in many cases before the undersigned, that his litigation conduct is abusive and subject to sanctions. When given the opportunity to show cause why he should not be denied the privilege of proceeding IFP in light of this history of abusive litigation conduct, (ECF No. 4), Plaintiff rebuffed that characterization, arguing that his years of filings "reflect persistence" and that his cases presently pending before this Court are not duplicative of prior actions, (ECF No. 5 at 2).[21] He thus demonstrated that he neither understands nor appreciates the vexatiousness of his litigation conduct—and the Court can think of no alternative measures that would achieve such understanding, or that would alter Plaintiff's conduct, given the extraordinary efforts already undertaken by countless judges to explain to Plaintiff the abusive nature of his litigation conduct and that his conduct must change.[22]

---

[21] Plaintiff also maintained in his show cause response that his dozens of lawsuits "were not brought for purposes of harassment, delay, or abuse of process," "not filed for improper purposes," and not "malicious." (ECF No. 5 at 2–3.) However, Plaintiff's purported "good faith," (*id.* at 3), has done nothing to mitigate the indisputable and immense burden he has imposed on judicial resources through his excessive and repetitive filings, not to mention his adversaries. (Not to mention the burden on his adversaries—by way of just one example, in *Shaikh v. Germadnig*, No. 22-2053, Plaintiff named approximately 60 defendants, which prompted 23 separate motions to dismiss. *See Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127, at *1 (D.N.J. July 13, 2023). He again names a similar number of overlapping defendants in *Shaikh v. Schron*, No. 25-18698 (D.N.J. Dec. 6, 2025), ECF No. 1.)

[22] Just on the issue of Plaintiff's duplicative actions related to his state divorce and child support proceedings, this Court in July 2023 admonished Plaintiff's "steadfast, unrelenting refusal to accept the results of his divorce proceedings or to heed the clear, repeated signal sent by multiple courts' decisions dismissing his various lawsuits." *Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127, at *1 (D.N.J. July 13, 2023). The Court took pains to explain, *inter alia*, the doctrines of *res judicata* and absolute judicial immunity, which precluded Plaintiff's claims against his ex-wife, her parents, her divorce attorney, and various state judges, among others. *Id.* at *22–26, *28–29. As of that writing (and notwithstanding the "repeated signal sent by multiple courts"), Plaintiff had already brought 19 federal actions in this District concerning his divorce and related proceedings (which, again, says nothing of the other suits Plaintiff had also brought). *Id.* at *2 & n.2.

Since that writing—and notwithstanding many more courts' ongoing attempts to explain the same doctrines and deficiencies—Plaintiff has filed several more actions stemming from the same proceedings, including against the same defendants. *See supra* note 4; *Shaikh v. Kirsch*, No. 25-1638, 2025 WL 1367566, at *3 (D.N.J. May 12, 2025) ("These two complaints appear to be the latest examples of Shaikh's 'steadfast, unrelenting refusal to accept the results of his divorce proceedings or to heed the clear, repeated signal sent by multiple courts' decisions dismissing his various lawsuits.'" (quoting *Shaikh v. Germadnig*, 2023 WL 4534127, at *1)); *see also Shaikh v. Akrush*, No. 19-20597, 2024 WL 112530, at *2–3 (D.N.J. Jan. 10, 2024) (dismissing with prejudice Plaintiff's claims against his ex-wife among

Plaintiff's assertion in his show cause response that he will improve his litigation conduct going forward, (*id.* at 3), is accordingly unpersuasive.

The Court further notes that Plaintiff has neither shown nor suggested that he faces imminent danger of serious physical injury so as to justify IFP status notwithstanding the foregoing. *See Aruanno II*, 679 F. App'x at 216; 28 U.S.C. § 1915(g). Finally, the Court emphasizes that this decision has no application to *habeas corpus* proceedings, no prospective application, and "does not block [Plaintiff's] access to the federal courts. It only denies [him] the privilege of filing before he has acquired the necessary filing fee." *Aruanno II*, 679 F. App'x at 216 (quoting *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en banc)); *see also id.* (affirming denial of IFP status in three cases). Thus, denying Plaintiff IFP status in this case is a "sufficiently narrow" solution "to meet the extraordinary situation [the Court] face[s] here." *Id.* Enough is enough.

---

others and explaining that such claims were barred by *res judicata*); *Shaikh v. Einbinder*, No. 20-2540 (D.N.J. filed Mar. 9, 2020), ECF Nos. 7, 14, 22 (dismissing Plaintiff's first, second, and third complaints against state court judges and explaining judicial defendants' entitlement to absolute judicial immunity); *Shaikh v. Einbinder*, No. 21-3115, 2022 WL 1314690, at *1 (3d Cir. May 3, 2022) (per curiam) (affirming dismissal with prejudice of Plaintiff's third complaint and again explaining judicial defendants' entitlement to absolute judicial immunity); *Fam. C.L. Union v. State*, 386 F. Supp. 3d 411, 437–44 (D.N.J. 2019) (dismissing, on *res judicata* and judicial immunity grounds, Plaintiff's suit against state court judges and discussing three similar suits Plaintiff previously brought against many of the same judges, each of which had been dismissed, with those dismissals affirmed by the Third Circuit); *cf. Shaikh v. Kirsch*, No. 25-1638, 2025 WL 1367566, at *5 & n.4 (D.N.J. May 12, 2025) (dismissing Plaintiff's claims against federal and state judges who had decided cases brought by Plaintiff concerning his divorce and related disputes and explaining doctrines of *res judicata* and judicial immunity). The actions pending before the undersigned are no exception. *See Shaikh v. U.S. Dep't of State*, No. 25-16265 (D.N.J. Oct. 5, 2025), ECF No. 1 (contesting denial of passport, which Plaintiff has elsewhere attributed to child support arrears); *Shaikh v. Schron*, No. 25-18698 (D.N.J. Dec. 6, 2025), ECF No. 1 (challenging divorce and related proceedings and suing ex-wife, her parents, her divorce attorney, many of the same state court judges previously sued, and other defendants also previously sued); *see also Shaikh v. Thorn, Esq.*, No. 26-985 (D.N.J. Feb. 2, 2026), ECF No. 1 (seemingly not challenging divorce proceedings but instead suing Plaintiff's former attorneys who he previously sued in other actions regarding the same conduct). This is not "persistence"; this is abusive.

**CONCLUSION**

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: March 30, 2026

10